IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BOB. W. RICHARDSON                                                   PLAINTIFF

                    v.                      Civil No. 11-3038

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     Factual and Procedural Background**

Plaintiff, Bob W. Richardson, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act").

Plaintiff protectively filed his application on May 30, 2008, alleging a disability onset date of May 1, 2001, due to high blood pressure, arthritis, chronic knee, foot, ankle, and right shoulder pain, and vertigo.  Tr.10, 151, 190.  On the alleged onset date, Plaintiff was forty-seven years old with a high school education and a college degree.  Tr. 16, 31, 157, 190, 225.  As of September 30, 2007, the last date insured, Plaintiff was fifty-two years old.  Tr. 31.  He has past work as a forklift operator.  Tr. 16, 34.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 71-73, 76-77. At Plaintiff's request, an administrative hearing was held on November 17, 2009.  Tr. 25-65. Plaintiff was present at this hearing and represented by counsel.  The ALJ rendered an unfavorable decision on March 25, 2010, finding Plaintiff was not disabled within the meaning of the Act.  Tr.

7-18. Subsequently, the Appeals Council denied Plaintiff's Request for Review on March 25, 2011, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-5. Plaintiff now seeks judicial review of that decision.

## II.   Medical History

In 1998, Plaintiff was treated at North Arkansas Regional Medical Center for a large soft tissue laceration to his left knee. Tr. 238-239. X-rays revealed a soft tissue injury, but no evidence of bone destruction or other acute abnormalities. Tr. 239. Plaintiff's injury was sutured and treated. Tr. 238. He received no further medical treatment until 2008.

On January 30, 2008, Plaintiff was treated at Baxter Regional Medical Center for dizziness, hypertension, and a sore throat. Tr. 217, 219-220. Plaintiff's blood pressure was measured at 148/88. Tr. 219. Shawn Bogle, M.D., diagnosed Plaintiff with hypertension, vertigo, and pharyngitis, and prescribed Antivert, Benicar, and Bactrim. Tr. 217, 219-220.

On February 20, 2008, Plaintiff was treated at Arkansas Orthopedics and Sports Medicine after twisting his left knee on ice. Tr. 215. Plaintiff denied any previous knee injuries or treatment. Tr. 215. On examination, Plaintiff had 5-110 degrees range of motion in his left knee, positive medial and lateral joint line tenderness, and tenderness of his calf. Tr. 215. X-rays of Plaintiff's left knee revealed moderate varus degenerative joint disease. Tr. 280-282. Dr. Sidani administered an injection of Marcaine and considered an MRI to rule out ligamentous vs. meniscal pathology. Tr. 215.

Beginning in June 2008, Plaintiff received treatment at Mountain Home Christian Clinic for hypertension, joint pain in his knees, feet, elbows, and right shoulder, abdominal pain, and fungal infections. Tr. 249-263, 266-272, 274-278. Plaintiff was diagnosed with arthritis pain, hypertension,

gastroesophageal reflux disease ("GERD"), recurrent yeast dermatitis, impingement of the right shoulder, and rotator cuff syndrome. Tr. 269-271.

On October 23, 2008, Plaintiff presented to Vann A. Smith, Ph.D., for a neuropsychological evaluation. Tr. 225-234. Plaintiff reported a history of closed head injuries, including a motorcycle accident. Tr. 225. On examination, Plaintiff was oriented in all spheres. Tr. 225. His mood was mildly dysthymic and his affect was muted and shallow. Tr. 225. Plaintiff's recall memory was impaired, but his judgment and insight were grossly intact. Tr. 225. Thought processes were abstract in quality. Tr. 225. On the Wechsler Adult Intelligence Scale- Revised, Plaintiff received a verbal IQ score of 100, a performance IQ score of 99, and a full-scale IQ score of 99. Tr. 226. After administering a battery of neuropsychological tests, Dr. Smith diagnosed Plaintiff with cognitive dysfunction, non-psychotic, secondary to general medical condition(s), of moderate severity. Tr. 227-228. Dr. Smith estimated Plaintiff's Global Assessment of Functioning ("GAF") score at 35 and determined that Plaintiff was disabled. Tr. 227-229. In a Mental Residual Functional Capacity ("RFC") Assessment, Dr. Smith found Plaintiff unable to meet competitive standards in six unskilled work-related categories and seriously limited, but not precluded, in ten unskilled work-related categories. Tr. 231-233. He estimated that Plaintiff would miss more than four workdays per month if employed. Tr. 232.

### III.  Applicable Law

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th

Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)).  In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)).  If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits his physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform his past relevant work; and (5) if the claimant cannot perform his past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given his age, education, and work experience.  *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a).  If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled.  *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### IV. ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point from May 1, 2001, the alleged onset date, through September 30, 2007, his date last insured. Tr. 12. At step two, the ALJ found Plaintiff suffered from vertigo, hypertension, and degenerative joint disease of the knee, all of which were considered severe impairments under the Act. Tr. 12-13. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 13.

At step four, the ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he could frequently lift/carry ten pounds and occasionally lift/carry twenty pounds, sit for a total of about six hours in an eight-hour workday, and stand and/or walk for about six hours in an eight-hour workday, but could not climb scaffolds, ladders, or ropes, be exposed to unprotected heights, dangerous equipment/machinery, extreme temperatures, humid conditions, or vibration, and could not operate motor vehicles on a sustained basis. Tr. 14-16. Further, the ALJ determined that secondary to pain, fatigue, and lack of sleep, Plaintiff could only perform work in which instructions are simple and non-complex, complexity of tasks is learned and performed by rote, work is routine and repetitive with few variables and little judgment required, and the supervision required is simple, direct, and concrete. Tr. 14-16.

With these limitations, the ALJ found Plaintiff could not perform his past relevant work. Tr. 16. However, after receiving vocational expert testimony, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[1] Accordingly, the ALJ determined

---

[1] The ALJ determined Plaintiff could perform the requirements of representative occupations such as poultry eviscerator, of which there are 900 jobs in Arkansas and 10,100 jobs nationally, machine tender, of which there are 1,500 jobs in Arkansas and 118,800 jobs nationally, and small product assembler, of which there are 950

Plaintiff was not under a disability from May 1, 2001, the alleged onset date, through September 30, 2007, the date last insured.  Tr. 18.

V.    **Discussion**

On appeal, Plaintiff contends the ALJ erred by: (A) failing to adequately develop the record; (B) improperly determining his RFC; (C) improperly dismissing his subjective complaints; and (D) disregarding Dr. Smith's mental evaluation.  *See* Pl.'s Br. 9-21.  For the following reasons, the undersigned finds that substantial evidence supports the ALJ's decision.

A.    Development of the Record

Plaintiff argues the ALJ failed to fully and fairly develop the record by not ordering a consultative evaluation.  *See* Pl.'s Br. 9-12.  The ALJ has a duty to fully and fairly develop the record, even if a claimant is represented by counsel.  *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998).  "It is well-settled that the ALJ's duty to fully and fairly develop the record includes the responsibility of ensuring that the record includes evidence addressing the alleged impairments at issue from either a treating or examining physician."  *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000).  While the Secretary is under no duty to go to inordinate lengths to develop a claimant's case, he must "make an investigation that is not wholly inadequate under the circumstances."  *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994) (quoting *Miranda v. Secretary of Health, Educ. & Welfare*, 514 F.2d 996, 998 (1st Cir. 1975)).  There is no bright-line test for determining when the Secretary has failed to adequately develop the record; the determination must be made on a case by case basis. *Battles*, 36 F.3d at 45 (quoting *Lashley v. Secretary of Health & Human Serv.,* 708 F.2d 1048, 1052 (6th Cir.1983)).

---

jobs in Arkansas and 108,500 jobs nationally.  Tr. 17, 58-65.

Under the circumstances of this case, the ALJ fulfilled his duty to fully and fairly develop the record. A fully-developed record contains sufficient evidence for the ALJ to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). The ALJ is "required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (quoting *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)). In this instance, Plaintiff did not seek *any* treatment for his allegedly disabling impairments during the relevant time period. *See Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (ALJ may discount a claimant's complaints based on a failure to pursue regular medical treatment). In 1998, Plaintiff suffered a soft tissue injury to his left knee. Tr. 238-239. However, there is no evidence of any long-term impairment as a result of this injury, and x-rays showed no evidence of bone destruction or other acute abnormalities. Tr. 239. Plaintiff was not treated again for knee pain until February 2008, after twisting his knee on ice. Tr. 215.

Similarly, Plaintiff did not mention shoulder pain until February 2009, well over a year after his date last insured. Tr. 271. While evidence of a disability subsequent to the expiration of a claimant's insured status can be relevant in helping to elucidate a medical condition, it cannot serve as the only support for disability. *See Pyland v. Apfel,* 149 F.3d 873, 877 (8th Cir. 1998). The ALJ was not required to order a consultative examination solely because Plaintiff provided no support for his allegedly disabling impairments. S*ee Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (the ALJ is under no duty to provide continuing medical treatment for a claimant).

The ALJ had sufficient evidence to rely on in making his RFC determination. *See Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005) (rejecting argument that ALJ failed to fully and

fairly develop the record where there was no indication that the ALJ was unable to make RFC assessment). Moreover, Plaintiff has demonstrated no prejudice or injustice as a result of this alleged failure to develop the record. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993) (unfairness or prejudice is necessary for a reversal due to failure to develop the record). Accordingly, the undersigned finds that the ALJ satisfied his duty to fully develop the record.

    B. <u>RFC Determination</u>

Plaintiff contends the ALJ's RFC assessment did not properly account for his physical impairments. *See* Pl.'s Br. 12-14. At the fourth step of the evaluation, a disability claimant has the burden of establishing his RFC. *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). A claimant's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

Plaintiff's RFC argument merely restates his prior argument concerning development of the record. Plaintiff has provided no medical evidence to show a disabling impairment prior to the date last insured. *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006) (claimant must show the existence of a disability prior to expiration of insured status). Plaintiff has the burden of proving his disabilities and presenting the strongest case possible. *Mouser v. Astrue,* 545 F.3d 634, 637 (8th Cir.

2008) (citing *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)). Here, the ALJ considered Plaintiff's entire treatment history, including medical records subsequent to the date last insured, and determined Plaintiff could perform a restricted range of light work. Tr. 13-16. Substantial evidence supports this determination.

    C. <u>Credibility Determination</u>

Plaintiff alleges the ALJ improperly dismissed his subjective complaints. *See* Pl.'s Br. 14-16. When evaluating a claimant's subjective allegations, the ALJ must consider all evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness and side effects of medication; and (5) any functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ "may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them." *Medhaug v.* Astrue, 578 F.3d 805, 816 (8th Cir. 2009) (quoting *Goff*, 421 F.3d at 792). However, subjective complaints may be discounted if there are inconsistencies in the medical evidence as a whole. *Id.* A court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (quoting *Goff*, 421 F.3d at 792).

It is well-settled that an ALJ need not explicitly discuss each *Polaski* factor; it is "sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004)). Contrary to Plaintiff's assertion, the ALJ properly considered his subjective complaints. The court notes that although the ALJ did not fully credit Plaintiff's testimony, he gave considerable deference to Plaintiff's self-reported limitations considering the lack

of objective evidence in this case. In partially discrediting Plaintiff's subjective complaints, the ALJ considered the overall lack of treatment. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) ("a claimant's allegations of disabling pain may be discredited by evidence that the claimant has received minimal medical treatment and/or has taken only occasional pain medications"). Additionally, Plaintiff's subjective complaints are simply inconsistent with the objective evidence contained in the record. *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (absence of objective medical evidence to support claimant's complaints). These are valid considerations, and the ALJ made no error in assessing Plaintiff's credibility. Accordingly, substantial evidence supports the ALJ's credibility analysis.

   D. Dr. Smith's Opinion

Finally, Plaintiff contends the ALJ improperly dismissed Dr. Smith's opinion. *See* Pl.'s Br. 16-17. Plaintiff's argument has no merit. The ALJ credited the portions of Dr. Smith's opinion that were based upon objective testing. Tr. 16. However, he correctly noted that Dr. Smith partially relied upon unsubstantiated reports of previous head trauma to form his opinion. *See McCoy v. Astrue,* 648 F.3d 605, 617 (8th Cir. 2011) (physician's evaluation was based in part on claimant's self-reported symptoms). Additionally, the ALJ considered the overall length of treatment. *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (the assessment of a doctor who evaluates a claimant once or not at all does not usually constitute substantial evidence). Plaintiff had never before sought treatment for or exhibited symptoms consistent with cognitive dysfunction. *See Kirby v. Astrue*, 500 F.3d 705, 708-09 (8th Cir. 2007). Moreover, it appears that Plaintiff saw Dr. Smith to bolster his claim for disability benefits rather than to obtain medical treatment. *See Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995). The ALJ properly took these considerations into account when

determining what weight to give Dr. Smith's opinion. For these reasons, substantial evidence supports the ALJ's RFC determination.

## VI.     Conclusion

Accordingly, having carefully reviewed the record, the undersigned finds that substantial evidence supports the ALJ's decision and recommends that the decision be affirmed and Plaintiff's case be dismissed with prejudice. **The parties have <u>fourteen</u> days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of May 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE